**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JONAS ROEL,**

    **Plaintiff,**

v.                                            Case No.  8:04-cv-1887-T-30MAP

**SOUTHERN FINANCIAL CORPORATION**
**d/b/a Florida's Lending Source,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Summary Judgment and Memorandum of Law (Dkt. 15-1).  As Defendant has failed to file a response to said Motion, the Court will address the Motion without the benefit of a response.  For the reasons set forth below, this Court finds that Plaintiff's Motion should be **GRANTED in part and DENIED in part**:

### FACTUAL BACKGROUND[1]

Plaintiff is a former Associate Mortgage Broker of Defendant's.  As an Associate Mortgage Broker, Plaintiff's duties included originating and submitting loan packages to Defendants, performing the duties and responsibilities of a loan officer, soliciting additional

---

[1] Plaintiff served Defendant with Requests for Admissions on July 15, 2005 (Dkt. 15-2).  Pursuant to Fed. R. Civ. Proc. 36, Defendant had 30 days from the date of service in which to either admit or deny the Requests for Admissions.  Defendant, however, failed to respond and therefore is deemed to have admitted all of the Requests for Admissions.  See Fed. R. Civ. Proc. 36(a) (2005).  The Court takes as true those facts contained in the Requests for Admissions.

customers, answering the telephone, devising marketing strategies for Defendant's sister company, training a real estate agent employed by Defendant's sister company, developing and performing radio commercials, and promoting the business of Defendant (Dkt. 15-2 at ¶ 1). In his position as an Associate Mortgage Broker, Plaintiff was paid on a commission-only basis, was not salaried, and therefore did not meet the exemptions found in 29 U.S.C. § 213(a)(1) (Dkt. 15-2 at ¶ ¶ 2-3). As such, Defendant was required to pay Plaintiff a minimum hourly wage of $5.15 per hour and one and one-half times the regular rate of pay for all hours worked in excess of a forty-hour work week. Id. at ¶ 6.

Plaintiff alleges in his Complaint that Defendant violated the Fair Labor Standards Act (hereinafter "FLSA") when they failed to pay him both his hourly and overtime wages. Specifically, Plaintiff asserts in his affidavit that he averaged 30 to 35 hours per week in 2004 and beginning in 2004 he regularly worked on average 50 hours per week (Dkt. 15-3)[2]. However, Plaintiff also admits that he never punched a time clock and has no objective recording of the hours worked during this time period. While Plaintiff alleges he was paid only $1,076.00 for the hours worked during 2004 and received no compensation for the hours worked in 2003, Plaintiff has provided no record evidence as to the number of hours he

---

[2] Plaintiff also alleges that pursuant to the Associate Broker Agreement, Defendant was required to pay, upon Plaintiff's termination, half his regular commission on any transaction submitted and approved, provided that the loan was closed and funded within thirty days of Plaintiff's termination (Dkt. 1 at ¶ 13). Plaintiff alleges that Defendant failed to pay said commissions (Dkt. 1 at ¶14). Plaintiff made this same assertion in the Requests for Admissions served on Defendant (Dkt. 15-2 at ¶ 8). Similar to the other assertions contained in the Requests for Admissions, Defendant's failure to admit or deny the same is deemed an admission. Accordingly, this Court finds that Defendant failed to pay Plaintiff, subsequent to his termination, the commissions due and thus is in breach of the Associate Broker Agreement.

worked during that period. As such, this Court has no record evidence on which to base an award for any damages as to Plaintiff.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Summary Judgment (Dkt. 15-1) is **GRANTED** only as to the issue of Plaintiff's non-exempt status and his entitlement to commissions under the Associate Broker Agreement.

2. As an issue of fact remains as to the number of hours Plaintiff worked during his employment and the amount of compensation he is due, Plaintiff's Motion for Summary Judgment (Dkt. 15-1) is **DENIED** as to these issues only.

**DONE** and **ORDERED** in Tampa, Florida on January 3, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2004\04-cv-1887 Grant Motion for Summary Judgment -FLSA.wpd