**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**JONAS ROEL,**

    **Plaintiff,**

**v.**                                      **Case No.  8:04-cv-1887-T-30MAP**

**SOUTHERN FINANCIAL
CORPORATION d/b/a Florida's Lending
Source,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for an Award of Attorneys' Fees and Costs (Dkt. 28).  As Defendant has failed to respond to this Motion, the Court will consider Plaintiff's Motion without a response from Defendant.

## DISCUSSION

A.    *Attorneys' Fees.*

In reviewing the total hours expended by the attorneys in this case, it appears some attorney hours were secretarial or administrative in nature, duplicative or otherwise not compensable.  As such, this Court finds the following hours to be reasonable:

    Ryan Christopher Rodems                19.6 hours

    Elise Gres                                      1.6 hours

Additionally, this Court reduces the billable hour rate of Attorney Rodems from $325.00 to $250.00 per hour.[1]

### B.   *Bill of Costs.*

Pursuant to Section 1920, a prevailing party may recover "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; [f]ees and disbursements for printing and witnesses; [and] [f]ees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. §1920 (2) - (4) (2005). However, in reviewing Plaintiff's costs, he is seeking reimbursement of those expenses which are not taxable, i.e. fees associated with legal research ($355.98). .

With respect to the remaining expenses for which Plaintiff is seeking reimbursement, this Court finds that Plaintiff is entitled to all costs sought (Dkt. 28 ), less the expenses associated with photocopies ($22.25), and the nondescriptive "file administration expense" ($150.00). While 28 U.S.C. Section 1920(2) permits a prevailing party to recover, "[f]ees for exemplification and copies of papers necessarily obtained for use in the case," 28 U.S.C. § 1920(2) (2005), the burden is on the party seeking taxation of costs to establish that the copies were necessarily obtained for use in the case. See *Scleta v. Delicatessen Support Services, Inc.,* 203 F.Supp.2d 1328, 1340 (M.D. Fla. 2002). Plaintiff has failed to meet this burden as he has provided no information as to the purpose of the photocopies, other than to state they were papers necessarily obtained for use in the case. Additionally, the Court is

---

[1] The billable hour rate of Ms. Gres remains $150.00.

unable to ascertain the meaning of "file administration expenses," as Plaintiff has failed to provide any further description. Plaintiff's costs are therefore reduced from $553.23 to $175.00.

It is therefore ORDERED AND ADJUDGED that Plaintiff's Motion for an Award of Attorneys' Fees and Costs (Dkt. 28) is **GRANTED** as stated herein. The Clerk is ordered to enter judgment for Plaintiff in the amount of $5,140.00 in Attorneys' Fees and $175.00 in taxable costs.

**DONE** and **ORDERED** in Tampa, Florida on November 7, 2006.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2004\04-cv-1887  Motion for Attorneys Fees.frm